IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRAD McDANIEL,
As Personal Representative of
Eula Mae McDaniel                                                                    PLAINTIFF

v.                              Case No. 2:08-CV-02088

NOVARTIS PHARMACEUTICALS CORP.                                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are Plaintiff Brad McDaniel's Motion to Amend Order of Substitution (Doc. 122) and Brief in Support (Doc. 123), and Defendant Novartis Pharmaceuticals Corp.'s ("Novartis") Response in Opposition (Doc. 125). Also pending are Defendant's Motion to Dismiss the Case (Doc. 126), Defendant's Motion for Hearing on the Motion to Dismiss (Doc. 127), and Plaintiff's Responses (Docs. 130 and 131).

For the reasons stated herein, Plaintiff's Motion to Amend Order of Substitution (Doc. 122) is **DENIED** and Defendant's Motion to Dismiss the Case (Doc. 126) is **GRANTED**. In light of the Court's determination dismissing this case, all other motions which remain pending in this case are **DENIED AS MOOT**.

**I. Background and Procedural History**

This products liability action commenced in September of 2005, when Eula Mae McDaniel ("Mrs. McDaniel") filed suit against Defendant Novartis in federal court in Tennessee. She alleged that the drug Aredia, which was prescribed to her in 2001 for myeloma, caused her to develop osteonecrosis of the jaw, a potential side effect of the drug. Her suit was later consolidated with a number of others involving the drug Aredia by order of the United States Judicial Panel on Multidistrict Litigation ("MDL"). On July 28, 2006, a case management order was entered to govern

the proceedings in the MDL. Doc. 14-13. The case management order stated that in the event of a plaintiff's death before remand of the case, a "Suggestion of Death" must be filed within thirty (30) days, describing the time, date, and circumstances of the plaintiff's death. *Id.* at p. 12. From the date of the Suggestion of Death, plaintiff's counsel then had ninety (90) days to file a motion to substitute the deceased plaintiff for a personal representative of the plaintiff. Further, the order provided that "the Court will provisionally grant the Motion for Substitution on the condition that the substituted plaintiff submit to the Court prior to remand of the plaintiff's claims a copy of the Order appointing him or her as the deceased plaintiff's personal representative." *Id.* at p. 13.

Mrs. McDaniel died on October 10, 2006. Her husband, Orville McDaniel ("Orville"), filed a Suggestion of Death on November 30, 2006. Doc. 17-12. On February 26, 2007, Orville filed a Motion for Provisional Substitution. Doc. 21-8. In the motion, Orville represented that he would later apply to be appointed Administrator of his wife's estate pursuant to Ark. Code Ann. § 28-48-101. *Id.* at ¶ 3. On March 2, 2007, Orville was *provisionally* substituted by the MDL court as personal representative of his deceased wife, with the understanding that he "will make application to be appointed Administrator of her estate" and thereafter make a motion to be officially appointed as personal representative. Doc. 21-10. Despite these representations to the court, Orville did not change his status from provisional personal representative to personal representative by submitting to the MDL court an order of appointment, as required by the plain language of the case management order. Doc. 14-13.

Orville later became incompetent to continue to serve as provisional personal representative, and on February 8, 2010, the McDaniels' son, Brad McDaniel ("Brad"), moved the court to substitute him as the provisional personal representative of his deceased mother. Doc. 53-9. Brad's

2

motion for provisional substitution was granted on February 9, 2010 (Doc. 53-10), but the order specifically stated that Brad "has agreed to assume Mr. [Orville] McDaniel's position as the provisional representative." *Id.* In other words, Brad stepped into his father's shoes as provisional representative only. The record reflects that Brad never made application to be appointed administrator of his mother's estate and never changed his status from provisional personal representative to personal representative by submitting to the MDL court an order of appointment.

Eventually, on December 17, 2010, the case was remanded to this Court and set for trial. However, on April 2, 2010, Orville died, and no Suggestion of Death was filed on his behalf. Brad McDaniel therefore remained as Plaintiff in this action, even though neither he nor his father perfected their individual statuses as personal representatives of Mrs. McDaniel, as contemplated by the court's two separate orders of provisional substitution (Docs. 21-10 and 53-10). Neither did Brad perfect his status as personal representative prior to remand of this case, as required by the MDL court's case management order (Doc. 14-13). Brad remained the provisional personal representative of Mrs. McDaniel's estate and fulfills that role currently.

On September 12, 2011, Brad filed a Motion to Amend the Order of Substitution (Doc. 123), asking this Court to convert his status from provisional personal representative to special administrator so that he would have standing and authority to serve as Plaintiff in his mother's place in this litigation. Defendant Novartis opposed Plaintiff's Motion as untimely and filed a Motion to Dismiss the case.

## II. Legal Standard

The substitution of a party upon death is governed by Rule 25 of the Federal Rules of Civil Procedure. The Rule provides that if a party to a lawsuit dies, the Court may order substitution of

3

the deceased party. Specifically, the Rule states:

> If the motion [for substitution] is not made within ninety (90) days after service of a statement noting the death, the action by or against the decedent must be dismissed. F.R.C.P. 25 (a) (1).

Arkansas Rule of Civil Procedure 25 tracks the federal rule in large part, but it qualifies in (a)(2) the proper parties for substitution:

> Upon the death of a plaintiff the proper party for substitution shall be his personal representative or, where the claim has passed to his heirs or to his devisees, the heirs or devisees may be substituted for the deceased party. A.R.C.P. 25 (a) (2).

The section of the Arkansas Code that provides for the authorization of a personal representative to oversee a decedent's estate is A.C.A. § 28-48-101, which provides that:

> (a) Domiciliary letters testamentary or of general administration may be granted to one (1) or more of the natural or corporate persons mentioned in this section who are not disqualified, in the following order of priority:
> (1) To the executor or executors nominated in the will;
> (2) To the surviving spouse, or his or her nominee, upon petition filed during a period of thirty (30) days after the death of the decedent;
> (3) To one (1) or more of the persons entitled to a distributive share of the estate, or his or her nominee, as the court in its discretion may determine, if application for letters is made within forty (40) days after the death of the decedent, in case there is a surviving spouse and, if no surviving spouse, within thirty (30) days after the death of the decedent; and
> (4) To any other qualified person.

As Mrs. McDaniel did not leave a will when she passed away (*see* Doc. 21-8), Arkansas law clearly provided that her surviving spouse, Orville, would be granted the power to act as her personal representative "upon petition filed during a period of thirty (30) days" after Mrs. McDaniel's death. A.C.A. § 28-48-101 (a) (2). The parties agree that no estate was opened for Mrs. McDaniel, and no petition to substitute as her personal representative was filed by Orville, though a provisional order of substitution was indeed filed.

4

There was an alternate way in which Orville may have pursued his wife's claim upon her death, and that was by being named "special administrator" of her estate. A special administrator may be appointed by a court pursuant to the Arkansas "revival statute" at A.C.A. § 16-62-106, which states:

> (a) In all cases where suits may be instituted, and either plaintiff or defendant dies pending the suit or suits, it shall be lawful for the court before which the suit or suits are pending, on the motion of any party interested, to appoint a special administrator, in whose name the cause shall be revived. The suit or suits shall progress, in all respects in his or her name with like effect as if the plaintiff or defendant, as the case may be, had remained in full life.

The revival statute is not without limitation, however, as proper revival of a claim originally brought by a now-deceased party "shall not be made without the consent of the defendant after the expiration of one (1) year from the time when the order might first have been made." A.C.A. § 16-62-108.

**III. Discussion**

Plaintiff's claims in the case at bar must be dismissed with prejudice due to the lack of a proper plaintiff to maintain a cause of action. The Court lacks jurisdiction over this matter because Plaintiff Brad McDaniel, and his father Orville before him, failed to properly revive Mrs. McDaniel's claim against Defendant Novartis upon her death. There are three separate legal bases upon which the Court makes its ruling, any one of which may justify dismissal. First, both Orville and Brad failed to follow the terms of the MDL court's case management order in substituting a proper party in interest within the time period specified by the order and prior to remand of the case to this Court. Second, both Orville and Brad failed to meet F.R.C.P. 25's requirements for proper substitution of a deceased party. Third, both Orville and Brad failed to properly revive the claim according to A.C.A. § 16-62-108 within a year of Mrs. McDaniel's death.

5

### A. Case Management Order Issued by the MDL Court

Mrs. McDaniel, the original plaintiff in this case, died on October 10, 2006. The case management order entered to govern the proceedings in the MDL court provided that in the event of the death of a plaintiff, counsel was directed to file a Suggestion of Death within 30 days. Doc. 14-13, p. 12. Counsel then had 90 more days to provisionally substitute a personal representative to act in the deceased plaintiff's stead; however, a provisional personal representative could not serve as plaintiff after the case was remanded. *Id.* The case management order specified that a person who wished to substitute as plaintiff needed to "submit to the Court prior to remand of the plaintiff's claims a copy of the Order appointing him or her as the deceased plaintiff's personal representative." Doc. 14-13, p. 13.

In the case at bar, Mrs. McDaniel's counsel filed an untimely Suggestion of Death on November 30, 2006, which was nonetheless accepted by the MDL court. Orville McDaniel moved to be provisionally substituted as personal representative within the next 90 days, on February 26, 2007. Brad took Orville's place as provisional personal representative three years later, on February 9, 2010, shortly before the case was remanded to this Court on December 17, 2010. From the date that Orville became provisional personal representative to the date the case was remanded to this Court, nearly four years elapsed. In all of that time, neither Orville nor Brad properly submitted to the MDL court a copy of the order appointing either of them personal representative, as was required by the case management order. It is therefore too late for this Court to correct the error that counsel should have addressed years ago. For violating the plain terms of the MDL court's case management order specifying the proper procedure for substitution of a party upon death, Plaintiff's case is dismissed with prejudice. *See* Doc. 14-13, p. 13 ("Plaintiff's failure to comply with the provisions

of this Section, including the requirement that an Order appointing the substitute plaintiff as the decedent's personal representative be filed prior to remand where the Court grants a provisional substitution, will entitle Defendant to request a dismissal of plaintiff's action with prejudice in accord with Fed. R. Civ. P. 25 (a)").

### B. F.R.C.P. 25

The case management order of the MDL court drew its rules and deadlines for substitution of a deceased plaintiff from F.R.C.P. 25. This Federal Rule provides a separate, independent basis for dismissing this case, as it specifies in section (a) (1) that dismissal of an action must occur if a party is not properly substituted within 90 days of the Suggestion of Death. Here, Plaintiff concedes that at most, both Orville and Brad were named provisional personal representatives for Mrs. McDaniel's estate, and nothing more. No proper and final substitution occurred. Requesting that this Court substitute a proper plaintiff now, five years after Mrs. McDaniel's death, four years after and Orville's provisional substitution, and nearly two years after Brad's provisional substitution, is far too much of a stretch. Dismissal is accordingly warranted.

### C. A.C.A. § 16-62-108

Turning to the final basis for the Court's decision dismissing this action, the Court acknowledges that, in general, the revival of a claim made by a deceased plaintiff can occur through the procedure outlined in Arkansas' revival statute at A.C.A. § 16-62-106 (a). Plaintiff Brad McDaniel asks that the Court revive his mother's claim against Novartis by amending the order of provisional substitution made in the MDL court and appointing him special administrator of his mother's estate, pursuant to the state's revival statute.

Plaintiff is correct that A.C.A. § 16-62-106 (a) provides a method for reviving a "dead"

claim. However, this Court is constrained by the time limitations imposed by that statute, which require that revival take place within "one (1) year from the time when the order might first have been made." A.C.A. § 16-62-108. Arguably, the order might first have been made following Mrs. McDaniel's death in 2006. Plaintiff contends, however, that Orville McDaniel's provisional substitution within the year following Mrs. McDaniel's death essentially stopped the clock, and the clock remained stopped indefinitely thereafter, including when Brad substituted for his father Orville as provisional personal representative in February 2010, nearly two years ago. *See* Doc. 123, p. 3.

The Court rejects Plaintiff's argument that revival is still possible now, several years after the time when the order might first have been made. The simple fact is that Plaintiff's counsel had plenty of time to correct the procedural deficiency created by the death of Mrs. McDaniel. Plaintiff's counsel could have asked the MDL court at any time in the intervening years of litigation to name Orville the personal representative of his deceased wife, or in the alternative, special administrator of her estate. Plaintiff's counsel also failed to make a motion to revive the claim under Arkansas law within any reasonable span of time. The Court finds itself in the unfortunate situation where, on the eve of trial, Plaintiff requests that this Court travel back in time and cure the procedural missteps done in the course of this litigation. This the Court cannot and will not do. Accordingly, revival of the claim and the appointment of Plaintiff as special administrator is denied.

### IV. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Order of Substitution (Doc. 122) is **DENIED** and Defendant's Motion to Dismiss the Case (Doc. 126) is **GRANTED**. This case is hereby dismissed with prejudice, and an order of judgment shall be filed contemporaneously herewith.

**IT IS FURTHER ORDERED** that in light of the Court's determination dismissing this case, all other motions that remain pending in this case are **DENIED AS MOOT**.

The parties are instructed to bear their own fees and costs.

IT IS SO ORDERED this 6th day of January, 2012.


/s/ P. K. Holmes, III
P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE